Matt-fit a», J.
The determinative question in this appeal is whether the special statutes found in Chapter 2715, Revised Code, “Attachment,” Sections 2715.47 and 2715.48, apply to the setting of a bond on an appeal from a final judgment which orders the release of attachments and garnishments as a consequence thereof, or whether the bond on an appeal from such a judgment should be set under the general statutes found in Chapter 2505, Revised Code, “Procedure on Appeals,” Sections 2505.06, 2505.09 and 2505.14.
It follows that we must examine the purpose and scope of such chapters of the Revised Code in order to determine which sections prescribe the conditions for the setting of a bond upon appeal under the facts herein presented.
Sections 2715.47 and 2715.48 are found in that chapter of the Revised Code entitled “Attachment.” That attachment proceedings are ancillary to a civil action for the recovery of money, at or after its commencement, is unquestioned.
Attachment is a procedure unknown to the common law, and Section 2715.01, Revised Code, provides the only grounds on which an order of attachment may legally and rightfully be obtained in Ohio.
*612 Sections 2715.02 through 2715.10, Revised Code, provide the mechanics by which an order of attachment is obtained and an actual attachment by seizure accomplished.
Section 2715.11 states:
“When the plaintiff * * * makes oath in writing that he has good reason to believe, and does believe, that any person * * * named in the affidavit has property of the defendant in his possession, describing it, if the officer cannot get possession of such property, he must leave with such garnishees a copy of the order of attachment, with a written notice that he appear in court and answer * * V’ (Emphasis added.)
It is seen that this section provides, as an alternative to physical seizure of a defendant’s property, a method of obtaining control of such property which is in the hands of a third person.
Garnishment is, then, the obtaining of control by the court before judgment of property belonging to a defendant which is in the possession of any person, partnership or corporation and must, in order to be rightful and lawful, be based upon an order of attachment issued on one of the grounds for attachment provided in Section 2715.01, Revised Code.
Thus, a plaintiff in a civil action for the recovery of money, at or after its commencement and before judgment, is provided by law with two methods of bringing property belonging to the defendant under the control of the court in which the action was instituted, i. e., by actual attachment or by garnishment, either of which must be based on a valid order of attachment.
Ample provisions are made for the defendant to question the validity of the order of attachment by Section 2715.44 et seq., Revised Code.
Section 2715.44 provides:
*613 11 Before judgment * * * the defendant may move to discharge an attachment as to the whole or any of the property attached. * * *” (Emphasis added.)
Section 2715.46 provides:
“A party to a suit affected by an order discharging or refusing to discharge an order of attachment may appeal on questions of law to reverse, vacate, or modify it as in other cases: and the original action shall proceed to trial as though no appeal had been taken.” (Emphasis added.)
Section 2715.47 fixes the maximum number of days within which such appeal may be filed by a plaintiff from an order discharging an attachment.
Section 2715.48 provides:
“The party who appeals under Section 2715.47 * * * must give a bond * * * in double the amount of the appraised value of the property attached, conditioned to pay * * * all damages sustained * * * in consequence of filing such appeal, in the event of the discharge of the order of attachment by the court in which it is filed because the order was wrongfully obtained.” (Emphasis added.)
All the sections of this chapter must be read in pari materia as they deal with a special statutory proceeding, attachment, which is ancillary to a civil action.
It becomes apparent, then, that Section 2715.44, providing for a “motion to discharge an attachment,” and the provision of Section 2715.48 for a bond in double the appraised value of the property attached in order to insure the payment of damages in the event the attachment is found to have been wrongfully obtained, both relate back to Section 2715.01, which provides the sole legal, or rightful, grounds for the obtaining of an order of attachment.
Thus, the appeal provided for by Section 2715.46 is one “on questions of law,” the sole question to be de *614 termined upon such appeal being whether the order of attachment was “wrongfully obtained.”
From this discussion it becomes apparent that Sections 2715.47 and 2715.48, Revised Code, are special provisions applying only to an appeal on questions of law by a plaintiff or plaintiffs from an order sustaining a motion to discharge an attachment made before judgment, pursuant to Section 2715.44, Revised Code, for the reason that it is based upon an order of attachment which was wrongfully obtained.
The appeal herein was not made from an order arising from such circumstances, and, thus, Sections 2715. 47 and 2715.48, Revised Code, can have no application to the facts before us.
A motion was previously made by the defendants in this action under Section 2715.44, and this court held that the order of attachment upon which the garnishments herein are based was rightfully and lawfully obtained pursuant to one of the grounds set out in Section 2715.01, Revised Code. See Rice v. Wheeling Dollar Savings & Trust Co., Exr., supra.
Sections 2715.47 and 2715.48, Revised Code, were not, of course, pertinent to that appeal .since the appeal was from an order refusing to discharge, rather than an order discharging, an attachment.
It remains to be determined whether .the trial court properly applied Sections 2505.06, 2505.09 and 2505.14, Revised Code, in setting the bond for the appeal in this ease.
Section- 2505.06 provides:
“Except as provided in Section 2505.12 of the Revised Code [the contents of which are not relevant here], no appeal shall be effective as an appeal upon questions of law and fact until the order, judgment or decree appealed from is superseded by a bond in the amount and with the conditions provided in Sections 2505.09 and 2505.14 of the Revised Code, and unless *615 such bond is filed at the time the notice of appeal is required to be filed.”
Section 2505.09 provides:
“No appeal shall operate as a stay of execution * * * until a supersedeas bond is executed by the appellant to the adverse party with sufficient surety and in such sum, not less than the amount of the judgment and interest, as is directed by the court making the order which is sought to be superseded or by the court to which the appeal is taken. Such bond shall be conditioned as provided in Section 2505.14 of the Revised Code.”
Section 2505.14 provides:
“The supersedeas bond required by Section 2505.09 * * * shall be payable to the adverse party or otherwise, as may be directed by the court, when the conflicting interests of the parties require it, and subject to a condition to the effect that the party appealing shall abide and perform the order and judgment of the appellate court and pay all money, costs, and damages which may be required of or awarded against him upon the final determination of said appeal and such other conditions as the court may provide. When said judgment is for the payment of money, the bond may provide that, if said judgment is not paid upon final affirmance, judgment may be entered against the sureties on said bond.”
Here, the appeal to the Court of Appeals being one on questions of law and fact, it is seen that Sections 2505.06, 2505.09 and 2505.14 must be complied with.
The record discloses that the conditions set out in these sections were included in the order of the trial court setting the bond for the plaintiffs’ appeal. The fixing of the amount of such supersedeas bond is within the discretion of the court setting it, and such discretion has not been challenged in this instance.
*616 It is seen that the supersedeas bond, when so conditioned, acts as a stay of execution of the judgment or order to which it is directed.
The judgment which was stayed in this instance was specifically designated by the trial court in its entry:
“It is further ordered that the judgment of this court hereinbefore rendered discharging the attachments and releasing the garnishees he stayed * * (Emphasis added.)
The judgment which was rendered and which is the basis of the plaintiffs’ appeal to the Court of Appeals is the judgment for the defendants on the petition itself. The judgment is based upon the ruling of the trial court sustaining the defendants’ motion to dismiss the petition and the court’s journalized finding that the plaintiffs had “no right or capacity to bring this action for and on behalf of the Jefferson Company,” and that the plaintiffs were “not entitled to the relief prayed for.”
Thus, the order which discharged the attachments and released the garnishees was an order incidental to the final judgment on the plaintiffs’ petition and was not an order sustaining a motion to discharge an attachment, made before judgment and'pursuant to Section 2715.44, Revised Code.
It is readily seen that the trial court, in order to maintain the status quo of the parties pending the appeal, correctly applied the provisions of Sections 2505. 06, 2505.09 and 2505.14, Revised Code, and that the supersedeas bond executed by the plaintiffs operated to “stay execution of the judgment or order” (Section 2505.10, Revised Code) of the court pending the appeal.
It follows that the Court of Appeals erred in dismissing the appeal for want of jurisdiction. The judgment of the Court of Appeals is, therefore, reversed *617 and the cause remanded thereto with instructions to consider the appeal.

Judgment reversed and cause renlanded.

Weygandt, C. J., Hart, Zimmerman, Stewart, Bell and Taft, JJ., concur.